IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH MORRIS : CIVIL ACTION
:
v. :
:
DEPARTMENT OF HEALTH AND HUMAN : NO. 12-5031
SERVICES :

MEMORANDUM

STENGEL, J.                                  JANUARY 23, 2013

Plaintiff Deborah Morris brings this action against the United States Department of Health and Human Services ("HHS"). In an October 9, 2012 order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed her complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) because the factual basis for her claims was unclear. Thereafter, plaintiff filed an amended complaint, which the Court dismissed for lack of subject matter jurisdiction in a December 20, 2012 order because it was not clear whether plaintiff had obtained a final decision from the Secretary of HHS prior to seeking review in this Court. Currently before the Court is plaintiff's second amended complaint. For the following reasons, the Court will dismiss the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    FACTS

In her second amended complaint, plaintiff claims that she was denied her constitutional rights, in particular, her due process rights, and that she was discriminated against when HHS denied her, and her business, provider status that would allow them to claim reimbursement for habilitation services that they

1

were allegedly providing to individuals in the community. Plaintiff appears to be contending that she submitted applications for business provider status and individual provider status every year from 1996 through 2003, and in 2006 and 2007. She also sought individual provider status in 2008. However, all of her applications were denied, apparently on the basis that the services she was providing were not medically or clinically necessary pursuant to HHS regulations. According to plaintiff, she has received a final order from the Secretary for HHS in regard to each of those applications. She seeks $50 million in damages as well as unspecified injunctive and declaratory relief.

**II. STANDARD OF REVIEW**

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the second amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a pleading fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard

2

legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the viability of a complaint . . . . must look beyond conclusory statements . . . ."). Thus, although the Court must construe plaintiff's allegations liberally because she is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), she must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the Court may consider matters of public record in assessing the second amended complaint. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

## III. DISCUSSION[1]

The Court will dismiss plaintiff's second amended complaint because she has not articulated a factual basis for establishing that HHS acted incorrectly, arbitrarily, or unfairly in denying her and her business provider status. Plaintiff has not identified a specific rule or regulation that she believes was improperly applied to her. Furthermore, the Court will disregard plaintiff's conclusory allegations that she was denied her constitutional rights and discriminated against because those

---

[1] As plaintiff alleges that the Secretary of HHS issued final decisions with respect to her applications, the Court appears to have jurisdiction pursuant to 42 U.S.C. §§ 1395cc(h) & 1395ii and 42 U.S.C. § 405(g).

3

assertions are not supported by any factual allegations.[2] The fact that plaintiff and her business were denied the status she requested does not, without more, justify granting plaintiff the relief she seeks. Accordingly, she has failed to state a claim upon which relief can be granted.

Plaintiff's related criminal history is worth noting here. Plaintiff acquired a Medicare provider number in 1997 for herself and her business, D.N. Morris and Associates, using false information. See United States v. Morris, 376 F. App'x 281, 282 (3d Cir. 2010). In particular, submitted "a false social security number, a false clinical social worker license, and . . . falsely assert[ed] that she had graduated from the University of Pennsylvania." Id. at 282. Using those provider numbers, she submitted requests for reimbursement of services that were never provided. Id. at 282.

The provider numbers for plaintiff and her business were revoked in 2002, and plaintiff was indicted three years later. Id. In 2007, she was convicted on 34 counts of health care fraud, 14 counts of mail fraud, and one count of making a false statement in a health care proceeding. Id.; see generally United States v. Morris, Crim. A. No. 05-613 (E.D. Pa.). She was sentenced to 60 months of imprisonment and ordered to pay $278,507.05 in restitution to Medicare. A month after plaintiff

---

[2] Indeed, the second amended complaint suggests that plaintiff was afforded due process in connection with her applications, as she took advantage of the administrative process and repeatedly refiled requests for provider status.

4

was released from imprisonment, she filed this lawsuit. In the event that the applications for provider status at issue in this case were also predicated on false information, or in the event that plaintiff is seeking to recover for any of the services that she was found not to have actually provided in her criminal proceeding, plaintiff's claims are frivolous.

## IV. CONCLUSION

Plaintiff has now been given two opportunities to amend her complaint. Despite her broad allegations that several of her rights have been violated, she has not described a logical factual basis to support her requests for relief. Accordingly, the Court will dismiss her second amended complaint for failure to state a claim. Plaintiff will not be given another opportunity to amend, as amendment would be futile. An appropriate order follows.